## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Kenneth Boyer, individually and on
behalf of others similarly situated,

                Plaintiff,

v.

Diversified Consultants, Inc., Mavis
Pye,  & Livevox Inc.,

                Defendants.

CASE NO. 5:14-cv-12339-JEL-DRG

### DEFENDANT, LIVEVOX, INC.'S, ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Now comes Defendant Livevox, Inc. ("Livevox"), by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Kenneth Boyer ("Plaintiff"), and states:

### INTRODUCTION

1.      Livevox denies the allegations in paragraph 1.

2.      Livevox admits that Congress enacted S. 1462 as Pub. Law No: 102-243 in 1991, the Telephone Consumer Protection Act of 1991; that one of 15 findings set forth in Section 2 of the Act provides: "Unrestricted telemarketing, however, can be an intrusive invasion of privacy and, when an emergency or medical assistance telephone line is seized, a risk to public safety[;]" and that the Federal Communications Commission (FCC) was given authority to enact regulations, as well as to exempt, by rule

1

or order, calls made that might otherwise be violative of the Act. Except as specifically admitted, Livevox denies the allegations in paragraph 2.

3.      Livevox denies the allegations in paragraph 3.

4.      Livevox admits the FCC statement quoted in the complaint appears in *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* F.C.C. 07-232, 23 F.C.C. R. 559, 566 ¶ 12 & 13 (Dec.28, 2007) released Jan. 4, 2008). Except as specifically admitted, Livevox denies the allegations in paragraph 4.

5.      Livevox denies the allegations in paragraph 5.

6.      Livevox denies the allegations in paragraph 6.

7.      Livevox denies the allegations in paragraph 7.

## JURISDICTION

8.      Livevox admits the allegations in paragraph 8.

9.      Livevox admits that the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Except as specifically admitted, Livevox denies the allegations in paragraph 9.

## VENUE

10.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore denies the same.

11.     Livevox admits that venue is proper. Except as specifically admitted, Livevox denies the allegations in paragraph 11.

## PARTIES

2

12.     Livevox admits that Plaintiff is a natural person. Livevox lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12, and therefore denies the same.

13.     Livevox admits that DCI is a foreign corporation licensed as a collection agency in the state of Michigan, with a principal place of business in Jacksonville, Florida; denies that Defendant Pye is currently the Automatic Dial Announcing Device Compliance Officer for DCI and admits that Livevox is a foreign corporation with a principal place of business in California. Except as specifically admitted, Livevox denies the remaining allegations in paragraph 13(a)-(c).

## GENERAL ALLEGATIONS

14.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies the same.

15.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and therefore denies the same.

16.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies the same.

17.     Livevox denies the allegations in paragraph 17.

18.     Livevox denies the allegations in paragraph 18.

19.     DCI denies the allegations in paragraph 19.

20.     Livevox admits the cited web page identified in paragraph 20 relates to IVR's. Except as specifically admitted, Livevox denies the remaining allegations in paragraph 20.

21.     Livevox denies the allegations in paragraph 21.

**Allegations Relating to the Collections Against Mr. Boyer**

22.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and therefore denies the same.

23.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and therefore denies the same.

24.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and therefore denies the same.

25.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and therefore denies the same.

26.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and therefore denies the same.

27.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and therefore denies the same.

28.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and therefore denies the same.

29.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and therefore denies the same.

30.     Livevox denies the allegations in paragraph 30.

31.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and therefore denies the same.

32.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and therefore denies the same.

33.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and therefore denies the same.

34.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and therefore denies the same.

35.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and therefore denies the same.

36.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and therefore denies the same.

37.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and therefore denies the same.

38.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and therefore denies the same.

39.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and therefore denies the same.

40.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and therefore denies the same.

41.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and therefore denies the same.

42.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and therefore denies the same.

43.    Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and therefore denies the same.

44.    Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and therefore denies the same.

45.    Livevox denies the allegations in paragraph 45.

46.    Livevox denies the allegations in paragraph 46.

47.    Livevox admits that a portion of the web page cited in paragraph 47 is accurately quoted.   Except as specifically admitted, Livevox denies the remaining allegations in paragraph 47.

48.    Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48, and therefore denies the same.

49.    Livevox denies the allegations in paragraph 49.

50.    Livevox denies the allegations in paragraph 50.

51.    Livevox denies the allegations in paragraph 51.

52.    Livevox denies the allegations in paragraph 52.

53.    Livevox denies the allegations in paragraph 53.

54.    Livevox denies the allegations in paragraph 54.

## CLASS DEFINITIONS AND CLASS ISSUES

55.    Livevox admits this action was commenced as a putative class action. Except as specifically admitted, Livevox denies the remaining allegations in paragraph 55.

56.     Livevox denies the allegations in paragraph 56, including subparagraphs (a)(i)-(iii), (b)(i)-(iii).

57.     Livevox denies the allegations in paragraph 57.

58.     Livevox denies the allegations in paragraph 58.

59.     Livevox admits this action was commenced to recover money. Except as specifically admitted, Livevox denies the remaining allegations in paragraph 59.

60.     Livevox denies the allegations in paragraph 60, including subparagraphs (a)-(e).

61.     Livevox denies the allegations in paragraph 61.

62.     Livevox denies the allegations in paragraph 62.

63.     Livevox denies the allegations in paragraph 63, including subparagraphs (a)-(d).

64.     Livevox denies the allegations in paragraph 64, including subparagraphs (a)-(b).

## COUNT I - CLASS CLAIMS DCI PYE AND LIVEVOX
### Telephone Consumer Protection Act Of 1991 and 47 C.F.R. 16.1200 et seq.

65.     Livevox incorporates herein by reference its responses to ¶¶ 1-64 set forth above as if fully rewritten herein, in response to paragraph 65.

66.     Livevox denies the allegations in paragraph 66.

67.     Livevox denies the allegations in paragraph 67.

68.     Livevox denies the allegations in paragraph 68.

69.     Livevox denies the allegations in paragraph 69.

## COUNT II- Individual claims against DCI
## Michigan Occupational Code ("MOC")

70.     Livevox incorporates herein by reference its responses to ¶¶ 1-69 set forth above as if fully rewritten herein, in response to paragraph 70.

71.     Livevox lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71, and therefore denies the same.

72.     Livevox denies the allegations in paragraph 72.

73.     Livevox denies the allegations in paragraph 73.

74.     Livevox denies the allegations in paragraph 74.

75.     Livevox denies the allegations in paragraph 75.

## COUNT III– Individual Claims Against DCI
## Michigan Collection Practices Act ("MCPA"), M.C.L. 445.251, *et seq*. as an alternative to claims under the Michigan Occupational Code.

76.     Livevox incorporates herein by reference its responses to ¶¶ 1-75 set forth above as if fully rewritten herein, in response to paragraph 76.

77-81.  Plaintiff and DCI having stipulated to the dismissal of Count III of the Complaint, Livevox denies the remaining allegations of ¶¶ 77-81.

## Demand for Jury Trial

82.     Livevox denies the allegations in paragraph 82.

## Relief Requested

Livevox denies that Plaintiff is entitled to any of the relief prayed for.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

8

As a first affirmative defense, Livevox alleges on information and belief that one or more of the accounts involved in this matter may be subject to an arbitration clause and or a class action waiver.

SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Livevox alleges one or more of the accounts involved in this matter may be subject to a prior release.

THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Livevox alleges that calling cellular numbers manually, without the aid or use of an automatic telephone dialing system, and without an artificial or prerecorded voice, is not prohibited by the TCPA.

FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, Livevox alleges it had the prior express consent of the called party or parties, such number(s) was provided during the transaction that resulted in the debt owed, the number was provided by the called party to a creditor in connection with services rendered by such creditor, as part of the application for such services or subsequent thereto.

FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, Livevox alleges Plaintiff's claims are barred in whole or in part by the statute of limitations.

SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, Livevox alleges the number called was not assigned to a paging service, cellular telephone service, specialized mobile radio service, or any service for which the called party is charged for the call.

SEVENTH AFFRMATIVE DEFENSE

As a seventh affirmative defense, Livevox alleges that one or more of the alleged debt collection calls were to a residential line and are not actionable under the TCPA.

EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, Livevox alleges that one or more of the calls was made by equipment that did not have the capacity to store or produce telephone

numbers to be called using a random or sequential number generator and to dial such numbers without human intervention; one or more of the calls was made without using an artificial or prerecorded voice.

### NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, Livevox alleges that one or more of the calls to cellular telephone numbers made was, by rule or order, exempted from the requirements of §227(1)(A)(iii), as provided in § 227(b)(2)(C), because such calls do not contain telemarketing messages, and/or such call was placed to a wireless number that has been ported from wireline service and such call is a voice call; not knowingly made to a wireless number; and made within 15 days of the porting of the number from wireline to wireless service, and such number is not already on the national do-not-call registry or caller's company-specific do-not-call list.

### TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, Livevox alleges Plaintiff's claims for damages are barred because any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than Livevox and was beyond the control or supervision of Livevox or for whom Livevox was and is not responsible or liable.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, Livevox alleges on information and belief that Plaintiff, Plaintiff's agent, spouse,  family member or significant other, acting with actual or apparent authority, provided and/or knowingly released said phone number, either before, during or after the transaction that resulted in a debt owed, and thereby expressly consented to be called at the called number.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, Livevox alleges the called number was previously assigned to a party, user or subscriber who consented to be called, Livevox was without notice or knowledge that Plaintiff objected to such calls, and by virtue thereof, Livevox possessed a secondary privilege that arose which permitted Livevox to continue to act in accordance with the prior consent for a reasonable time and in a

reasonable manner, and as such, any violation was neither negligent, knowing or willful. Restatement (Second) of Torts § 892A, cmt. i (1979).

THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, Livevox alleges that Plaintiff was not the called party, intended recipient, the regular user or the subscriber of the called number.

FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense, Livevox alleges that Plaintiff or Plaintiff's agent, having given the use of said cellular phone number to another who gave prior express consent, or Plaintiff's predecessor in interest having given prior express consent, amounts to waiver and/or estoppel.

FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth affirmative defense, Livevox alleges that Plaintiff having given the use of said cellular phone to another, and said other having expressly consented to be called by Livevox, amounts to consent in fact, apparent consent, and conduct that would be understood by a reasonable person as indicating consent to Livevox's conduct.

SIXTEENTH AFFRMATIVE DEFENSE

As a sixteenth affirmative defense, Livevox alleges that because a party gave prior express consent, and said party is estopped from denying consent was given, the situation arising here is otherwise so unfair and inequitable to Livevox that the party who gave consent should not be permitted to terminate his or her consent without adequate notice and an opportunity afforded to Livevox to protect its interests.

Livevox reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, Livevox respectfully requests that:

1.      Plaintiffs take nothing by way of their Complaint;

2.      Judgment of dismissal be entered in favor of Livevox;

3.      Livevox be awarded costs and attorney's fees it has incurred in defending this lawsuit;

11

4.      Livevox be granted such other and further relief as the Court deems just
and proper.

Respectfully Submitted,


/s/ Michael D. Slodov
Michael D. Slodov (Ohio SCR #0051678)
Sessions, Fishman, Nathan & Israel, LLC
15 E. Summit Street
Chagrin Falls, OH 44022-2709
(440) 318-1073
(fax) (216) 359-0049
(email) mslodov@sessions-law.biz

Deborah A. Lujan (P46990)
COLLINS, EINHORN, FARRELL,
ULANOFF, P.C.
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
deborah.lujan@ceflawyers.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2014 I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the parties noted below by operation of the court's electronic filing system, at the address of counsel noted below. Parties may access this filing through the court's system.

Ian B. Lyngklip
Julie A. Petrik
Lyngklip & Associates Consumer Law Group PLC
24500 Northwestern Hwy., Ste. 206
Southfield, MI 48075
Email: Ian@michiganconsumerlaw.com
Email: Julie@MichiganConsumerLaw.com

Rex C. Anderson (P47068)
REX ANDERSON, PC
Attorney for Kenneth Boyer
9459 Lapeer Rd., Ste. 101
Davison, MI 48423
Email: mied@rexandersonpc.com

/s/ Michael D. Slodov
Michael D. Slodov (Ohio SCR #0051678)

13