## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Kenneth Boyer, individually and
on behalf of others similarly
situated,

                             Plaintiff,

v.

Diversified Consultants Inc.,
Mavis Pye, and LiveVox Inc.,

                             Defendants.

Case No. 14-cv-12339
Hon. Judith E. Levy
Mag. Judge David R. Grand

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION TO DISMISS [15]

This is a consumer rights case. Pending is defendant Mavis Pye's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. 15.)

I.    Background

Plaintiff asserts that from December 19, 2012, through January 11, 2013, defendants Diversified Consultants Inc. ("DCI") and LiveVox Inc. ("LiveVox") utilized automatic dialers to call plaintiff on his cell

1

phone at least twenty times to collect on a Sprint bill.  These calls are alleged to have taken place up to three times per day.

Plaintiff alleges that Pye was "involved in creating, implementing, modifying and/or supervising DCI's policy or procedure relating to contacting consumers using an automatic telephone system or using an artificial or prerecorded voice."  (Dkt. 1 at ¶17.)  In the alternative, Pye seeks to dismiss the claims against her because she argues that plaintiff needed to allege she had made a call or had "direct, personal participation in or personally authorized the conduct found to have violated the statute."  (Dkt. 15 at 9.)

## II.   Standard

A motion to dismiss under Rule 12(b)(2) places the burden on plaintiff to establish jurisdiction over defendant.  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).  When a court decides a Rule 12(b)(2) motion based solely on written submissions, plaintiff must "set forth specific facts showing that the court has jurisdiction," such as an affidavit, rather than rest on his or her pleadings.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  The pleadings and affidavits are to be viewed in the light most favorable to plaintiff, and

2

the Court does not consider alternative facts pled by defendant. *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980) (citations omitted); *see also Bird*, 289 F.3d at 871 ("In this situation, we 'will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the facts in a light most favorable to the nonmoving party.' ").

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

III.   Analysis

A. Personal Jurisdiction

3

"A federal court may only exercise personal jurisdiction in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). When a defendant is not physically present in the forum, due process requires that he or she have "certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

    i.  Michigan Long Arm Statute

Michigan law confers jurisdiction over nonresidents through the state's long-arm statute, codified at M.C.L. § 600.705. The statute provides the bases upon which the state exercises limited jurisdiction over individuals:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

4

(1) The transaction of any business within the state.

(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of real or tangible personal property situated within the state.

(4) Contracting to insure a person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

(6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.

(7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

M.C.L. § 600.705.  Plaintiff contends that personal jurisdiction is proper under the first and second bases.

First, the Court must determine whether plaintiff has asserted that defendant transacted any business in the state pursuant to subsection (1).  The Court must determine whether any of Pye's "business activities reach[ed] out beyond one state and create[d] continuing relationships and obligations with citizens of another

5

state. . . ." *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950). "[I]f [the] defendant conducted even the slightest act of business in Michigan, the first statutory criterion for personal jurisdiction . . . is satisfied." *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905-06 (6th Cir. 1988) (citing *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971)).

Plaintiff's allegations regarding Pye's acts do not meet the bar required by M.C.L. § 600.705(1).  The Supreme Court has held that personal jurisdiction must be based on an individual defendant's contacts with the forum state, not contacts imputed from the corporation. *See Calder v. Jones*, 465 U.S. 783, 790 (1984); *Keeton*, 465 U.S. at 781 n.13.  Although there are sufficient allegations to establish a claim that DCI conducted business in Michigan, the allegations against Pye are premised on her supervision and direction of DCI's conduct, rather than on her personal transaction of business in Michigan.

Plaintiff does not allege that Pye entered the state, personally reached out to do business within the state, or intended to establish continuing relationships and obligations in Michigan.  While a lack of

presence in the forum state alone is insufficient to avoid jurisdiction, *see Int'l Shoe*, 326 U.S. at 310, there must be some conduct by defendant with the forum state to establish jurisdiction under subdivision (1). *Compare Theunissen*, 935 F.2d at 1464 (entrance into contracts regarding shipments to the forum state constituted transacting business) *with Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1177-78 (6th Cir. 1992) (mere telephone calls and mailings, without solicitation of business, are insufficient to establish a business transaction).  Accordingly, plaintiff has failed to show that personal jurisdiction is proper under subsection (1).

Next, under subsection (2), the Court must determine whether plaintiff asserted that Pye did, caused to be done, or caused consequences to occur in Michigan that resulted in a tort claim. Jurisdiction exists under this provision whenever "the tortious conduct or injury . . . occur[s] in Michigan." *Green v. Wilson*, 455 Mich. 342. 352 (1997).

Pye's status as a DCI employee does not insulate her from the Court's jurisdiction.  *See Calder*, 465 U.S. at 790.  Accordingly, the Court will assess her contacts separately from her employer.  *See id.;*

7

*Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir. 2000) ("[T]he mere fact that the actions connecting defendants to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants.").

In this case, plaintiff alleges that Pye created, implemented, modified, or supervised DCI's acts related to autodialing or utilization of artificial or prerecorded voices. Plaintiff further alleges that these calls resulted in interruptions and disruptions that caused damages to plaintiff and others who received the calls. These allegations are sufficient to support the claim that Pye caused an act to be done in Michigan that resulted in the present claim for damages. While Pye did not personally call plaintiff and others in Michigan, the allegations that she was directly responsible for the *implementation* and supervision of DCI's Michigan activities support exercising jurisdiction over her under the Michigan long-arm statute.

    ii.   Due Process

Next, the Court looks to whether exercise of jurisdiction over Pye would violate the Due Process Clause of the Fourteenth Amendment. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe*, 326 U.S. at 319).

To establish the existence of specific jurisdiction in accordance with due process, plaintiff must allege that defendant had certain minimum contacts with the forum state. *Burger King*, 471 U.S. at 475. The Sixth Circuit uses a three-pronged test to determine if a court's exercise of jurisdiction is reasonable and comports with due process:

(1) The defendant must purposefully avail himself or herself of the privilege of acting in the forum state or causing a consequence in the forum state;

(2) The cause of action must arise from the defendant's activities [in the forum state]; and

(3) The acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). All three prongs must be satisfied in order to invoke personal jurisdiction. *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012).

First, the Court will determine whether Pye purposefully availed herself of the privilege of acting in Michigan or causing consequences in Michigan. Pye's alleged role in implementing the system, and supervising and overseeing of compliance with it, is sufficient to demonstrate an active and personal connection to the activities that generated consequences in Michigan.

Purposeful availment requires that defendant not be brought into litigation "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted); *see also Lak, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1301 (6th Cir. 1989) ("random," "fortuitous," and "attenuated" telephone calls and letters are insufficient to establish personal jurisdiction). Instead, the Supreme Court requires that defendant "create a 'substantial connection' with the forum State" through deliberate engagement in significant activities

10

or continuing obligations with forum residents. *Burger King*, 471 U.S. at 475-76.

Pye's alleged role in implementing procedures and overseeing compliance in a program that called Michigan residents to collect outstanding debt constitutes more than a random or attenuated contact. Instead, the repeated and deliberate engagement with Michigan residents is sufficient to comport with "traditional notions of fair play and substantial justice" that due process seeks to protect. *See Balance Dynamics*, 204 F.3d at 698. Accordingly, the first prong of the due process analysis is satisfied.

Second, the Court will determine if plaintiff's cause of action arose from Pye's activities in Michigan. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). Defendant need not be present in the state or have formed a contract in the state for an exercise of jurisdiction to comport with due process. *Lanier*, 843 F.2d at 907 (holding jurisdiction to be proper where the non-resident defendant communicated with the resident plaintiff exclusively by phone and

11

mail).  So long as an actor purposefully directs his or her efforts towards residents of the forum state, physical absence will not be dispositive. *Id.* (quoting *Burger King*, 471 U.S. at 476).

Pye is alleged to have created "the procedure" that directed DCI's efforts towards Michigan residents.  The alleged calls at issue in this case occurred exclusively in the state of Michigan.  Accordingly, the second prong of the due process analysis is satisfied.

Third, the Court determines whether Pye's conduct had a substantial enough connection with Michigan to make jurisdiction over her reasonable.  This third prong is inferred to be satisfied if the first two are met.  *Bird*, 289 F.3d at 875.  "[O]nly the unusual case will not meet this third criterion."  *First Nat'l Bank v. J. W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982).

Pye's reliance on recent Supreme Court opinions in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014) and *Walden v. Fiore*, 134 S.Ct. 1115 (2014) is unpersuasive.  In *Daimler*, foreign residents brought suit in the United States against a foreign corporation for alleged human rights violations in a foreign country, basing personal jurisdiction on the activities of a U.S. subsidiary.  *Daimler*, 134 S.Ct. at 751-52.  The

12

tenuous connection with the forum in *Daimler* was insufficient to exercise general jurisdiction over defendants. *Id.* at 761-62. However, this case concerns limited personal jurisdiction for alleged conduct causing consequences in the forum state, which is a different issue entirely.

In *Walden*, a Georgia police officer seized $97,000 in cash from individuals traveling from San Juan to Las Vegas at the Atlanta airport. *Walden*, 134 S.Ct. at 1119. Respondents in the seizure filed suit against the police officer in the United States District Court for the District of Nevada for conduct occurring in Georgia. *Id.* The Court found that the police officer lacked sufficient contacts with Nevada, and that the exercise of jurisdiction by the Nevada court was random and attenuated. *Id.* The present case differs from *Walden* because plaintiff is suing Pye over intentional phone calls he is alleged to have received in the forum state. Further, plaintiff alleged sufficient contacts with Michigan to permit the Court to exercise personal jurisdiction over Pye. Accordingly, exercising jurisdiction over Pye comports with due process.

B. Failure to State a Claim

13

In the present case, plaintiff has stated nonconclusory allegations upon which factual discovery is warranted. The complaint states that Pye served as DCI's compliance officer, during which time she was involved in the creation, implementation, modification, or supervision of the policy or procedure giving rise to the alleged violations against plaintiff. These allegations are sufficient to survive a motion to dismiss.

Pye argues that plaintiff must allege she actually made a call using an automated dialing system to state a valid TCPA claim. The case law in this area does not support such an argument. Corporate officers and employees of corporations may be held liable for their conduct in violation of the TCPA. *See, e.g., Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) (allowing claims of personal liability under the TCPA to proceed); *Baltimore-Washington Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 745 (D. Md. 2008) (holding that individual defendants may be held jointly and severally liable for TCPA damages); *Texas v. Am. Blastfax*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001) (holding "an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute").

14

There are good reasons why TCPA claims against individuals are allowed to proceed, even when the individuals have not directly performed the act of dialing.  The language of the statute specifically states that "[i]t shall be unlawful for any *person*" to make a call utilizing an automatic dialing system or artificial or prerecorded voice to a cellular phone.  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).  The automation of the prohibited act does not shield from liability those responsible for the policies or procedures that led to the calls being placed.

Accordingly, plaintiff has stated a plausible claim against Pye for violation of the TCPA.

IV.   Conclusion

For the reasons stated above, it is hereby ordered that:

Defendant Mavis Pye's motion to dismiss for lack of personal jurisdiction and for failure to state a claim (Dkt. 15) is DENIED.

IT IS SO ORDERED.


Dated: November 19, 2014                     s/Judith E. Levy
Ann Arbor, Michigan                          JUDITH E. LEVY
                                             United States District Judge

15

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2014.


s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

16